**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**


SANDRA E. RIVAS                                              Plaintiff

v.                                    4:04CV00371 JMM/HDY

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                     Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Sandra E. Rivas, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on depression, diabetes,

glaucoma and pain.  (Tr. 68)  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through October 22, 2003, the date of his decision.  (Tr. 19)  On February 11, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-7)  Plaintiff then filed her complaint initiating this appeal.  (Docket #1)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 38 years old at the time of the hearing.  (Tr. 292)  She completed the ninth grade in school and later obtained her General Equivalency Diploma.  (Tr. 74, 148, 293)  She has past relevant work as a housekeeper, cashier, line worker and packager. (Tr. 14, 83-88)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step

_____

[1]The Hon. Dean C. Metry.

involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b) (2003). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. Id., § 404.1520(c). If not, benefits are denied. Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, and the duration requirement is met, benefits are awarded. Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence. Id., § 404.1520(e). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. Id., § 404.1520(f). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(g). If so, benefits are

4

denied; if not, benefits are awarded.  <u>Id.</u>

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 19)  He found that she had medically determinable impairments, diabetes, depression and carpal tunnel syndrome.  <u>Id.</u>  He found that she did not have any impairment or impairments that significantly limited her ability to perform basic work-related activities; he found that she had no "severe" impairment.  <u>Id.</u>  Consequently, the ALJ concluded that Plaintiff was not disabled.  <u>Id.</u>

Plaintiff argues that the ALJ erred in determining that she did not have a "severe" impairment.  (Br. 13-20)  A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  <u>Gwathney v. Chater</u>, 104 F.3d 1043, 1045 (8th Cir. 1997); <u>Browning v. Sullivan</u>, 958 F.2d 817, 821 (8th Cir. 1992).  It has "more than a minimal effect on the claimant's ability to work."  <u>Hudson v. Bowen</u>, 870 F.2d 1392, 1396 (8th Cir. 1989).

> (a)  *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b)  *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2)  Capacities for seeing, hearing, and speaking;
> (3)  Understanding, carrying out, and remembering simple instructions;
> (4)  Use of judgment;
> (5)  Responding appropriately to supervision, co-

workers and usual work situations; and
        (6)  Dealing with changes in a routine work setting.
20 C.F.R. §§ 404.1521 and 416.921 (2003).

On July 17, 2002, Karl Sandburg, M.D., who had begun treating Plaintiff that year, noted that Plaintiff was able to walk, sit, stand, carry objects, handle objects, hear, see, understand and carry out instructions.  (Tr. 116, 219[2])  He observed that her diabetes was well controlled with medication and she "may have mild carpal tunnel syndrome."  Id.  Plaintiff underwent a series of X rays May 22, 2002. (Tr. 124)  Three views of the cervical spine, two views of the right shoulder, two views of the left shoulder, anterior-posterior pelvis and two views of the dorsal spine were all read as negative.  Id. Three views of the lumbar spine revealed only mild facet osteoarthritis at L5; vertebral body heights and disc spaces were maintained without evidence of fracture  or subluxation.  Id.

In September of 2002, Plaintiff was evaluated mentally by Nancy J. Toombs, Ph.D.  (Tr. 147-50)  Dr. Toombs observed no abnormalities in Plaintiff's posture or gait; grooming and personal hygiene were appropriate.  (Tr. 147)  Plaintiff reported being depressed since diabetes was diagnosed in May of 2001.  Id.  She was initially started on Prozac, but that did not help significantly; she was switched to Amitriptyline, which did help her relax and sleep.  Id. Plaintiff denied any mental health treatment.  (Tr. 148)  She was pleasant, cooperative, relaxed and spontaneous.  Id.  Dr. Toombs

---

[2]There is some duplication of the record.

noted that Plaintiff's affect was somewhat flat, but she did not believe that was necessarily due to depression; her mood was within normal limits. (Tr. 149)  Plaintiff had no significant limitations in adaptive functioning.  (Tr. 150)  Dr. Toombs' Axis I diagnostic impression was dysthymic disorder.[3]  <u>Id.</u>

If a claimant is unable to show that she has a medically severe impairment, she is not eligible for disability benefits.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 148 (1987).  It is not unreasonable to require a claimant, who is in a better position to provide information about her own medical condition, to do so.  <u>Id.</u>, 146 n.5.  Plaintiff had the burden of proving that her impairment was "severe."  <u>See</u> <u>Nguyen v. Chater</u>, 75 F.3d 429, 431 (8th Cir. 1995).  Plaintiff did not meet that burden.  There is no credible medical evidence that Plaintiff suffered from any impairment that significantly limited her ability to perform basic work activities.  Substantial evidence supports the ALJ's finding that Plaintiff did not have a "severe" impairment.

Plaintiff also argues that the ALJ erred in his credibility determination. (Br. 20-23)   The determination of whether Plaintiff had a "severe" impairment, Step 2 of the sequential evaluation process, is based on medical evidence alone.  <u>Bowen v. Yuckert</u>, 482 U.S. 137; <u>Anderson v. Heckler</u>, 805 F.2d 801, 805 (8th Cir. 1986);

---

[3]Dysthymic disorder is defined by depressive symptoms which "typically begin insidiously in childhood or adolescence and pursue an intermittent or low-grade course over many years or decades; major depressive episodes may complicate it (double depression)."  <u>The Merck Manual</u> 1538 (17th ed. 1999).

Riley v. Shalala, 849 F.Supp. 679, 681 (E.D. Ark. 1993), aff'd., 18 F.3d 619 (8th Cir. 1994); S.S.R. 85-28.   Therefore, Plaintiff's credibility is not really a factor in that determination. Plaintiff's point is not well taken.

Finally, Plaintiff argues that the ALJ did not properly analyze her obesity.  (Br. 23-25)  Significantly, Plaintiff did not claim disability based on obesity in her application for benefits or at the administrative hearing.[4]  Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995).  More importantly, there is no evidence in the record that Plaintiff's obesity imposed any limitations on her ability to work. Id.; see Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and claimant did not testify that obesity imposed additional restrictions).  In the instant case, it does not even appear[5] that any of her treating physicians noted her obesity or encouraged her to lose weight.  In any event, Plaintiff's obesity was a longstanding impairment, and she was capable of performing work despite her weight for many years.  See Box v. Shalala, 52 F.3d at 171 (claimant had 16 year work history despite weight).

---

[4]Such a failure has been treated as a waiver of raising the issue on appeal.  Anderson v. Barnhart, 344 f3d 809, 814 (8th Cir. 2003).

[5]Plaintiff does not point to any such notation, and the Court has been unable to find any, although some of the medical records are very difficult to read.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this    25     day of January, 2006.


_____
UNITED STATES MAGISTRATE JUDGE